IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| MEMORIAL HERMANN HEALTH SYSTEM, | § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability; and to provide appropriate relief to Jennifer Bird. As alleged with greater particularity in paragraphs 12-22 below, Memorial Hermann Health System discriminated against Jennifer Bird, in violation of the ADA, by refusing to allow her to return to work as an Operations Administrator or to apply for other vacant Operations Administrator (OA) positions, at its Memorial City facility despite her physician having fully released her to return to work following treatment for a mental health condition (major depression). Although her medical condition and/or treatment for same did not prevent her from doing her job, Memorial Hermann's own Medical Director of Occupational Health refused to allow Ms. Bird to return to her prior position as an Operations Administrator because of her disability and/or because Defendant regarded Jennifer L. Bird as having a disability because of an actual or perceived cognitive impairment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

1

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Memorial Hermann Health System is a Texas corporation. At all relevant times, Memorial Hermann Health System has been doing business in the State of Texas and the City of Houston and has continuously had at least 15 employees. Memorial Hermann Health System currently has over 500 employees. Memorial Hermann Health System may be served by serving its registered agent for service of process, Ann Seymore, 929 Gessner Road, Suite 2582, Houston, Texas 77024.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6.	At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.	More than thirty days prior to the institution of this lawsuit, Jennifer Bird filed a charge with the Commission alleging violations of the ADA by Defendant.

8.	On April 17, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.	The Commission attempted to engage in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.	On June 13, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.	All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.	Since at least December 29, 2014, Defendant engaged in unlawful employment practices at its Memorial City Medical Center located in Houston, Texas, in violation of Sections 101 et seq. of Title I of the ADA, 42 U.S.C. § 12101 et seq.

13.	Jennifer Bird is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Jennifer Bird has an impairment, major depression, that substantially limits major life activities and major bodily functions—including,

but not limited to, concentrating and/or Defendant regarded Jennifer Bird as having a disability by refusing to allow her to return to work because of an actual or perceived impairment, cognitive disorder.

14.     Jennifer Bird was employed by Defendant as an Operations Administrator when she requested and received a medical leave of absence in April 2014 for treatment of major depression.

15.     On December 29, 2015, Ms. Bird's treating physician released Ms. Bird to return to work without restrictions.

16.     Despite this release, Defendant tasked its Medical Director of Occupational Health with reviewing the release, speaking with Ms. Bird's treating physician, and determining whether or not Ms. Bird could actually return to work as a night Operations Administrator, the OA job that was open at that time.

17.     Based on a diagnosis code and a conversation with Ms. Bird's treating physician, Defendant's Medical Director of Occupational Health concluded that Ms. Bird could not return to work as a night Operations Administrator without having another employee to assist her.  As a result, the Defendant's Medical Director of Occupational Health only cleared Ms. Bird to return to work as a daytime Operations Administrator knowing that no such positions were vacant or otherwise available.

18.     As a result of the Defendant's Medical Director of Occupational Health's assessment of Ms. Bird, Ms. Bird was never permitted to apply for any OA positions, despite her full release to return to work.

19.     Defendant's Medical Director of Occupational Health then instructed Defendant's Human Resources Department to inform Ms. Bird that she while she was free to apply for vacant

positions within the Memorial Hermann Health System, Ms. Bird would have to notify Human Resources and the Defendant's Medical Director of Occupational Health about any vacant positions in which Ms. Bird had an interest in applying. Defendant's Medical Director of Occupational Health was to approve which vacant positions Ms. Bird could apply for.

20. Subject to this additional restriction, Ms. Bird applied for several vacant positions with the Defendant. Ms. Bird interviewed for two of those positions but was not selected for either.

21. Defendant barred Ms. Bird from applying for other vacancies without the Occupational Health Director's approval; however, no process existed for Ms. Bird to seek her approval to apply for any subsequent vacancies.

22. Despite her best efforts, Ms. Bird was never able to obtain a new position with Memorial Hermann. Defendant blocked her efforts to do so and, on May 9, 2015, Defendant's Human Resources Department notified Ms. Bird that if she did not apply for any additional vacant positions, her employment would be terminated effective May 15, 2015. On May 15, 2015, Defendant terminated Ms. Bird's employment.

23. The effect of the practices complained of in paragraphs 12 – 22 above has been to deprive Jennifer Bird of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

24. The unlawful employment practices complained of in paragraphs 12 – 22 above were intentional.

25. The unlawful employment practices complained of in paragraphs 12 – 22 above were done with malice or with reckless indifference to the federally protected rights of Jennifer Bird.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant Memorial Hermann Health System, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from firing or failing to hire employees with disabilities because of their disabilities, and specifically from discriminating against workers based upon perceptions of their abilities or disabilities.

B.	Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and provide equal employment opportunities for workers whose impairments and disabilities are apparent, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant to make whole Jennifer Bird, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Jennifer Bird, or, in the alternative, front pay.

D.	Order Defendant to make whole Jennifer Bird by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 – 22 above, including job search expenses and medical expenses, in amounts to be determined at trial.

E.	Order Defendant to make whole Jennifer Bird by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 – 22 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Jennifer Bird punitive damages for its malicious and reckless conduct, as described in paragraphs 12-22 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        Sharon Fast Gustafson
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel
        Equal Employment Opportunity Commission
        131 M Street, N.E.
        Washington, D.C. 20507

        Rudy L. Sustaita
        Regional Attorney

        <u>/s/ Lloyd S. van Oostenrijk</u>
        Lloyd S. van Oostenrijk
        Trial Attorney
        Attorney-in-Charge
        Texas Bar No. 24056467
        S.D. Tex. No. 695844
        Equal Employment Opportunity Commission
        1919 Smith Street, Suite 600
        Houston, Texas 77002
        (713) 651-4906
        (713) 651-7995 [facsimile]
        lloyd.vanoostenrijk@eeoc.gov